IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ROBB BILLUPS | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. |
| | § § § § | |
| CREDIT BUREAU OF GREATER SHREVEPORT and CREDIT BUREAU OF THE SOUTH | § § § § | |
| | § § | Demand for Jury Trial |
| | § § § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW the Plaintiff, ROBB BILLUPS by Counsel, Dennis McCarty and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, costs, and attorney's fees brought pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collect Act).

### JURISIDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this Judicial District.

### PARTIES

1

4. Plaintiff, ROBB BILLUPS (hereinafter Plaintiff) is a natural person and is a resident and citizen of Denton County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, CREDIT BUREAU OF GREATER SHREVEPORT., (hereinafter Defendants or Shreveport), is a "debt collector", as defined 15 U.S.C §1692a(6) and engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.

6. Defendant, CREDIT BUREAU OF THE SOUTH, (hereinafter Defendants or South), is a "debt collector", as defined 15 U.S.C §1692a(6) and engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

8. Defendant is a debt collector as defined by the Fair Debt Collection Act.

9. Defendant uses the term "Credit Bureau" within their name to imply that that operate or employed by a credit reporting bureau.

10. The consumer standard is the "least sophisticated person.

2

11. Defendants are currently reporting an alleged debt on Plaintiff's credit report.

12. Reporting on a credit report is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to **1036** the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *Please see Sullivan v. Equifax, Inc.,* CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the

collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

13. Defendants are maliciously, willfully, and/or negligently violating the Fair Debt Collection statutes in an attempt to collect Plaintiff's alleged debt.

14. As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

15. As a result of Defendants conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

16. At all times pertinent hereto, Defendants are acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. This suit is based upon the Defendants violation of the Federal Fair Debt Collection Act. All causes of action were the producing causes of damages which Plaintiff suffered.

### *Count I: Fair Debt Collection Act*

20. Plaintiff incorporates the foregoing paragraphs as though the same were

set forth at length herein.

21.  Defendants violated Federal Statutes 15 U.S.C. §1692e(10), and 15 U.S.C. §1692e(16)

22.  Defendants attempted to collect an alleged debt by reporting the alleged debt on Plaintiff's credit report.  Reporting alleged debts to credit bureaus is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to **\*1036** the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *see also Sullivan v. Equifax, Inc.,* CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v.*

5

*Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

23. Defendants are using the term "Credit Bureau" in their name to imply that they are operating or is employed by a credit reporting agency.  The FTC states that the term credit bureau is a common name for a credit reporting agency (CRA).  The standard is the "least sophisticated person".  Defendant uses the term "credit bureau" to imply that they are associated with as well as operates as a crediting bureau.  *Please see:*

PREPARED STATEMENT OF THE FEDERAL TRADE COMMISSION
Before the
SUBCOMMITTEE ON COMMERCE, TRADE, AND CONSUMER PROTECTION
COMMITTEE ON ENERGY AND COMMERCE
U.S. HOUSE OF REPRESENTATIVES
on
PROTECTING CONSUMERS' DATA: POLICY ISSUES RAISED BY CHOICEPOINT
March 15, 2005

The FTC states within their statement to the U.S. House of Representatives:("Although the most common example of a "consumer report" is a credit report and the most common CRA is a credit bureau….."). Defendants are implying that they operate and/or employed by a consumer reporting agency violating15 U.S.C. §1692e(16).

The section entitled "False or misleading representations" under 15 U.S.C. §1692e reads:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

And;

       (16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

24. As a result of Defendants conduct, Plaintiffs has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

25. As a result of Defendants conduct, Plaintiffs has suffered actual damages and all to Plaintiff's great detriment and loss.

26. At all times pertinent hereto, Defendants are acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

27. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

28. The conduct of Defendants are a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, costs and attorney fees as well as such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

29. Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages

against the Defendants based on the following requested relief:

    (a) Actual damages pursuant to 15 U.S.C. §1692k;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k;

    (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    (d) Such other and further relief as may be necessary, just and proper.


Dated: October 1, 2012


                              Respectfully submitted,

                              /s/ Dennis McCarty
                              Dennis McCarty
                              ATTORNEY FOR PLAINTIFF
                              Mississippi Bar No. 102733
                              Federal Bar No. 993800
                              P.O. Box 54172
                              Hurst, TX., 76054
                              Telephone: 817-704-3375
                              Fax (817) 887-5069
                              dmccartylaw@att.net