IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ROBB BILLUPS | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 4:12-cv-00624 |
| | § § § | |
| RETAIL MERCHANTS ASSOCATION, INC d/b/a CREDIT BUREAU OF LOUISIANA a/k/a CREDIT BUREAU OF GREATER SHREVEPORT; and; CREDIT BUREAU OF THE SOUTH | § § § § § § § § | |
| | § § | Demand for Jury Trial |
| | § § § | |
| Defendants | § | |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, ROBB BILLUPS by Counsel, Dennis McCarty and for his

complaint against the Defendant, alleges as follows:

### **PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, costs, and attorney's fees brought

pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collect Act).

### **JURISIDICTION AND VENUE**

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C.

§1331 and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C.

§1367.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

4. Plaintiff, ROBB BILLUPS (hereinafter Plaintiff) is a natural person and is a resident and citizen of Denton County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, RETAIL MERCHANTS ASSOCATION, INC, d/b/a CREDIT BUREAU OF LOUISIANA, a/k/a CREDIT BUREAU OF GREATER SHREVEPORT (hereinafter Defendants or RMA), is a "debt collector", as defined 15 U.S.C §1692a(6) and engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.

6. Defendant, CREDIT BUREAU OF THE SOUTH, (hereinafter Defendants or South), is a "debt collector", as defined 15 U.S.C §1692a(6) and engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

8. Defendants are debt collectors as defined by the Fair Debt Collection Act.

9. Defendants use the term "Credit Bureau" within their name to imply that that operate or employed by a credit reporting bureau.

10. The consumer standard is the "least sophisticated person.

11. Defendants are currently reporting an alleged debt on Plaintiff's credit report, a debt collection activity.

12. Reporting on a credit report is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to **1036** the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *Please see Sullivan v. Equifax, Inc.,* CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms

...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

13. Both Defendants are currently reporting a balance on Plaintiff's credit report.

14. Defendant Credit Bureau of the South claims that the debt was paid but they are still reporting as of August 2012 that a debt is still owed and past due. Holding out to the world that Plaintiff is delinquent on a debt even though Defendant contends that Plaintiff paid the debt years earlier. Defendant is attempting to collect again on a debt that has been paid as per Credit Bureau of the South. This continued reporting of a debt paid is putting Plaintiff in a bad light with the public, including but not limited to potential lenders.

15. Defendants are maliciously, willfully, and/or negligently violating the Fair Debt Collection statutes in an attempt to collect Plaintiff's alleged debt.

16. As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

17. As a result of Defendants conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

18. At all times pertinent hereto, Defendants are acting by and through their

agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. This suit is based upon the Defendants violation of the Federal Fair Debt Collection Act. All causes of action were the producing causes of damages which Plaintiff suffered.

### Count I: Fair Debt Collection Act

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Defendants violated Federal Statutes 15 U.S.C. §1692e(10), and 15 U.S.C. §1692e(16), and 15 U.S.C. §1692f

24. Defendants are reporting on Plaintiff's credit report as "Credit Bureau of the South" and "Credit Bureau of Greater Shreveport". The two accounts are separate and exclusive of each other

25. Defendants attempted to collect an alleged debt by reporting the alleged debt on Plaintiff's credit report. Reporting alleged debts to credit bureaus is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36

5

(D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to **1036** the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *see also Sullivan v. Equifax, Inc.,* CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

26. Defendant Credit Bureau of the South claims that the debt was paid but they are still reporting as of August 2012 that a debt is still owed and past due. Holding out to the world that Plaintiff is delinquent on a debt even though Defendant contends that Plaintiff paid the debt years earlier. Defendant is attempting to collect again on a debt that has been paid as per Credit Bureau of the South. This continued reporting of a debt paid is putting Plaintiff in a bad light with the public, including but not limited to potential lenders. This is communicating credit information that they know or should haven known to be false.

27. Not only is it illegal in Texas to have Retail Merchant Association, Inc in the name of the debt collector but it is also illegal to use the term "Credit Bureau" within the name of a debt collector. Defendant is RMA is reporting on Plaintiff's credit report as "Credit Bureau of Greater Shreveport".

28. Defendant Credit Bureau of the South is reporting on Plaintiff's credit report as "Credit Bureau of the South"

29. Debt Collectors may not use unfair or unconscionable means to collect or attempt to collect any debt.

30. Defendants are breaking state law by having "credit bureau" in their name. Texas has made it illegal for debt collectors to have the name "credit bureau" in their name.

      Sec. 392.305.  DECEPTIVE USE OF CREDIT BUREAU NAME.  A person may not use "credit bureau," "retail merchants," or "retail merchants association" in the person's business or trade name unless:
      (1)  the person is engaged in gathering, recording, and disseminating information, both favorable and unfavorable, relating to the creditworthiness, financial responsibility, and paying habits of, and similar information regarding, persons being considered for credit extension so that a prospective creditor can make a sound decision in the extension of credit;  or
      (2)  the person is a nonprofit retail trade association that:

       (A) consists of individual members;
       (B) qualifies as a bona fide business league as defined by the United States Internal Revenue Service; and
(C) does not engage in the business of debt collection or credit reporting.

  31. Defendants are using the term "Credit Bureau" in their name to imply that they are operating or is employed by a credit reporting agency. The FTC states that the term credit bureau is a common name for a credit reporting agency (CRA). The standard is the "least sophisticated person". Defendant uses the term "credit bureau" to imply that they are associated with as well as operates as a crediting bureau. *Please see:*

PREPARED STATEMENT OF THE FEDERAL TRADE COMMISSION
Before the
SUBCOMMITTEE ON COMMERCE, TRADE, AND CONSUMER PROTECTION
COMMITTEE ON ENERGY AND COMMERCE
U.S. HOUSE OF REPRESENTATIVES
on
PROTECTING CONSUMERS' DATA: POLICY ISSUES RAISED BY CHOICEPOINT
March 15, 2005

The FTC states within their statement to the U.S. House of Representatives:("Although the most common example of a "consumer report" is a credit report and the most common CRA is a credit bureau….."). Defendants are implying that they operate and/or employed by a consumer reporting agency violating 15 U.S.C. §1692e(16).

The section entitled "False or misleading representations" under 15 U.S.C. §1692e reads:

  (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

And;

  (16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

And;

The section entitled "Unfair practices" under 15 U.S.C §1692f reads;

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

And;

The section entitled "False or misleading representations" under 15 U.S.C. §1692e(2)(A) reads:

> (2) The false representation of-
>   (A) the character, amount, or legal status of any debt

32. As a result of Defendants conduct, Plaintiffs has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

33. As a result of Defendants conduct, Plaintiffs has suffered actual damages and all to Plaintiff's great detriment and loss.

34. At all times pertinent hereto, Defendants are acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

35. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

36. The conduct of Defendants are a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, costs and attorney fees as well as such other relief, permitted by law.

## COUNT II—VIOLATION OF THE TEXAS DEBT COLLECTION ACT
## (TDCA)—TEXAS FINANCE CODE §392

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein

38. The Plaintiff is a "consumer" as defined by Tex. Fin. Code §392.001(1).

39. The Defendants are a "third party debt collector" as defined by Tex. Fin. Code §392.001(7).

40. The TDCA makes it a violation for a debt collector to attempt to collect a debt by "Threatening to take an action prohibited by law" Tex. Fin. Code §392.301(a)(8) as well as making, "Fraudulent, Deceptive, or Misleading Representations" Tex. Fin. Code §392.304(a)(19).

41. Defendants are reporting on Plaintiff's credit report as "Credit Bureau of the South" and "Credit Bureau of Greater Shreveport". The two accounts are separate and exclusive of each other

42. Defendants attempted to collect an alleged debt by reporting the alleged debt on Plaintiff's credit report. Reporting alleged debts to credit bureaus is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell, Quale,* and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b)

when it reported Edeh's disputed debt to **\*1036** the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) <u>aff'd,</u> 413 Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *see also Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

    43. Defendant Credit Bureau of the South claims that the debt was paid but they are still reporting as of August 2012 that a debt is still owed and past due. Holding out to the world that Plaintiff is delinquent on a debt even though Defendant contends that Plaintiff paid the debt years earlier. Defendant is attempting to collect again on a debt that has been paid as per Credit Bureau of the South. This continued reporting of a debt paid is putting Plaintiff in a bad light with the public, including but not limited to

11

potential lenders. This is communicating credit information that they know or should haven known to be false.

44. Not only is it illegal in Texas to have Retail Merchant Association, Inc in the name of the debt collector but it is also illegal to use the term "Credit Bureau" within the name of a debt collector. Defendant is RMA is reporting on Plaintiff's credit report as "Credit Bureau of Greater Shreveport".

45. Defendant Credit Bureau of the South is reporting on Plaintiff's credit report

as "Credit Bureau of the South"

Sec. 392.305. DECEPTIVE USE OF CREDIT BUREAU NAME. A person may not use "credit bureau," "retail merchants," or "retail merchants association" in the person's business or trade name unless:
 (1) the person is engaged in gathering, recording, and disseminating information, both favorable and unfavorable, relating to the creditworthiness, financial responsibility, and paying habits of, and similar information regarding, persons being considered for credit extension so that a prospective creditor can make a sound decision in the extension of credit; or
 (2) the person is a nonprofit retail trade association that:
  (A) consists of individual members;
  (B) qualifies as a bona fide business league as defined by the United States Internal Revenue Service; and
(C) does not engage in the business of debt collection or credit reporting.

And;


The section entitled "Subchapter D. Prohibited Debt Collection Methods"

Sec. 392.301. THREATS OR COERCION.
 (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

(8) threatening to take an action prohibited by law.

And;

This section entitled Fraudulent, Deceptive, or Misleading Representations reads:

Sec. 392.304. FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt

collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:
(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

46. Plaintiff seeks all damages recoverable under the TDCA, including but not limited to injunctive relief, actual damages, reasonable attorney's fees and costs. Defendant alleges that they are entitled to exemplary damages under the Texas Civil Practice & Remedies Code as a result of Defendant's actions.

47. As a result of Defendant's conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

48. As a result of Defendant's conduct, Plaintiffs has suffered actual damages and all to Plaintiff's great detriment and loss.

49. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

50. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, or grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

51. The conduct of Defendant was a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, exemplary damages, costs and attorney fees as well as such other relief, permitted by law.

### *Count III: Defamation*

52. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

53. At times pertinent hereto, Credit Bureau of the South has and is currently communicating and publishing statements to various Credit Reporting Agencies that are false and negative representations concerning Plaintiff's credit information and history. This statements have been devastating to Plaintiff's reputation, esteem and good will that caused serious damage. The Fair Credit Reporting Act allows for Defamation if the false information was furnished with malice or willful intent. Credit Bureau of the South maliciously and willfully injured Plaintiff in order to collect a debt.

54. These published statements made by Credit Bureau of the South are false

### EXEMPLARY DAMAGES

55. Plaintiff would further show that the acts complained herein of Defendant were committed with fraud, malice, with gross negligence and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Texas Civil Practice & Remedies Code §41.001(5)

### DEMAND FOR JURY TRIAL

56. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1692k;

(b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(d) Injunctive relief pursuant to Tex. Fin. Code §392.403(a)(1);

(e) Actual Damages pursuant to Tex. Fin. Code §392.403(a)(2)

(f) Exemplary Damages pursuant to Texas Civil Practice & Remedies Code §41.001(5).

(g) Such other and further relief as may be necessary, just and proper.

Dated: February 1, 2013

Respectfully submitted,

/s/ Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
P.O. Box 54172
Hurst, TX., 76054
Telephone: 817-704-3375
Fax (817) 887-5069
dmccartylaw@att.net
Phong Le
ATTORNEY FOR PLAINTIFF
Texas Bar No. 24043776
Federal Bar No. 917775
6065 Hillcroft, Tx 77081

Houston, Texas 77081
Telephone: 713-337-0670
Facsimile:  713-337-0671