IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

ROBB BILLUPS                                         §
                                                     §
              Plaintiff                              §
                                                     §
v.                                                   §     Civil Action No. 5:14-cv-00401
                                                     §
                                                     §
                                                     §
RETAIL MERCHANTS ASSOCATION, INC                     §
d/b/a CREDIT BUREAU OF LOUISIANA                     §
a/k/a CREDIT BUREAU OF GREATER                       §
SHREVEPORT;                                          §
and;                                                 §
CREDIT BUREAU OF THE SOUTH                            §
                                                     §
                                                     §     Demand for Jury Trial
                                                     §
                                                     §
              Defendants                             §


**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO
DEFENDANT RETAIL
MERCHANTS ASSOCIATION  RULE 12(b)(6), RULE 12(b)(1)
<u>MOTIONS TO DISMISS</u>**


**COMES NOW,** Plaintiff Rob Billups (hereinafter Plaintiff) files his response to

Defendant's Rule 12(b)(6), Rule 12(b)(1) motions to dismiss.

1

# TABLE OF CONTENTS

Page

Authorities                                                                   2

I. Standard of Review                                                          6

II. Statement of the Argument                                                  7

III. Response and Memorandum and Brief
    A. CREDIT REPORTING IS A DEBT COLLECTION ACTIVITY
AND ACTIONABLE UNDER THE FAIR DEBT COLLECTION ACT
AND PRIVATE RIGHT OF ACTION                                                    7

    B.  STATUTE OF LIMITATIONS                                                 12

    C.  DEFENDANT ARGUES THAT "CREDIT BUREAU" IN A
DEBT COLLECTORS NAME IS NOT A VIOLATION OF THE FDCPA                           15

    D.  DEFENDANT FURTHER ARUGES PLAINTIFF'S ALLEGATIONS  OF
15 USC 1692(f)                                                                 20

    E.  PRIVATE RIGHT OF ACTION                                               21

    F.  TEXAS STATE VIOLATIONS                                                21

    G.  DEFENDANT ARGUES PREEMPTION                                           22

V. PRAYER                                                                     23

# TABLE OF AUTHORITIES

## CASES

1.  Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F. Supp. 2d 492
    (D. Md. 2004)…………………                                              15


2.  *Byes v. Credit Bureau Enterprises, In*c., CIV. A. 95-239, 1996 WL 99360
    (E.D. La. Mar. 6, 1996)...…                                              17


3.  *Campbell v. Baldwin*, 90 F. Supp. 2d 754, 756

(E.D. Tex. 2000)…….                                                                   12, 22

4.   *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995)               7

5.   *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir.2002)                          7

6.   *Cater v. Credit Rating Bureau, Inc.,* No. 1:90-CV-2334-RCF
     (N.D. Ga. Dec. 13, 1991)                                                         17

7.   *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.),
     *cert. denied*, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994)             7

8.   *Cravey v. Credit Rating Bureau, Inc.,* No. 1:90-CV-986-JTC                      17

     (N.D. Ga. Dec. 17, 1991)

9.   *Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571
     (N.D.Tex.1997)                                                                   7

10.  *Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331
     (D.Utah 1997)………                                                               11,14

11.  *Edeh v. Midland Credit Mgmt., Inc.,* 748 F. Supp. 2d 1030, 1035-36
     (D. Minn. 2010)                                                                  10, 13, 14

12.  *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1174 n. 6 (11th Cir. 1985)       17

13.  *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas,*

     F.3d 1362, 1366 (5th Cir.1994)                                                   7

14.  *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997)            7

15.  *McKenzie v. E.A. Uffman & Assocs., Inc* 119 F.3d 358 (5th Cir. 1997)       8, 16, 21,23

16.  McMillan v. Collection Professionals Inc.,
     455 F3d 754, 764(7th Cir. 2006)                                                  21

17.  *Pirouzian v. SLM Corp.,* 396 F. Supp. 2d 1124 (S.D Cal. 2005)                   23

18.  *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) &
     *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)               10, 13

19.  Robinson v. TCI/US W. Communications Inc.,

117 F.3d 900, 904 (5th Cir. 1997)                                             6

20. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336,
    2002 WL 799856 (E.D. Pa. Apr. 19, 2002)                          10, 13

21. *Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir.2003)               6

22. *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 598
    (N.D. Ga. 1982)………                                                  17

STATUES

1.  §1681a(f)                                                                 18

2.  §1681h(e)                                                                 11

3.  §1681c(a)(4)

4.  §1692e(10)                                                                19

5.  §1692e(16)                                                          7, 17, 18

6.  §1692(k)

7.  Rule 12(b)(6)                                                        6, 10, 23

8.  Rule 12(b)(1)                                                              6

9.  1692f                                                                  20, 21

10. §1681t                                                                    23

Dated: March 5, 2014


Respectfully submitted,


/s/Jonathan Raburn
Jonathan Raburn
Raburn Law Firm
Attorney for Plaintiff
6205 Westport Ave, Suite 600
Shreveport, La, 71129
ATTORNEY FOR PLAINTIFF
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
P.O. Box 54172

Hurst, TX., 76054
Telephone: 817-704-3375
Fax (817) 887-5069
dmccartylaw@att.net
Phong Le
ATTORNEY FOR PLAINTIFF
Texas Bar No. 24043776
Federal Bar No. 917775
6065 Hillcroft, Tx 77081
Houston, Texas 77081
Telephone: 713-337-0670
 Facsimile:  713-337-0671


## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys on record:


 Date Signed this the 5TH day of March 2014


Respectfully submitted,

 /s/Jonathan Raburn
Jonathan Raburn
Raburn Law Firm
Attorney for Plaintiff
6205 Westport Ave, Suite 600
Shreveport, La, 71129
ATTORNEY FOR PLAINTIFF

# I. STANDARD OF REVIEW

**A.**     *Standard of Review under Rule 12(b)(6)*

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted. *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir.2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir.2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle it to relief. *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994). The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims. *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex.1997). "While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994).

Defendant did not meet the burden to have this case dismissed under Rule 12(b)(6) and his motion should fail.

**B.**     *Standard of Review under Rule 12(b)(1)*

Robinson v. TCI/US W. Communications Inc., 117 F.3d 900, 904 (5th Cir. 1997)(In general, we review a dismissal for lack of subject matter jurisdiction *de novo*, using the same standard

as applied by the district court.[2] Dismissal is proper only when "it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief."[3] A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.)

## II.  STATEMENT OF ARGUMENT

Defendant has violated state and federal laws by using Retail Merchants Association and Credit Bureau within their name.  State laws specifically state that those names are not to used by debt collectors.  Defendant has admitted that they are debt collectors and not credit bureaus.  Federal law states that they can not imply that they are associated with them either. Plaintiff argues below that the statute of limitations has been met.

## III.  MEMORANDUM AND BRIEF

### A.  CREDIT REPORTING IS A DEBT COLLECTION ACTIVITY AND ACTIONABLE UNDER THE FAIR DEBT COLLECTION ACT AND PRIVATE RIGHT OF ACTION

Defendant is a debt collector and attempted to collect the alleged debt from Plaintiff at the time of the original filing in the Eastern District of Texas.  Defendant is using multiple names that is illegal for debt collectors to use within their name.  Defendant is not a credit bureau as defined by Federal Credit Reporting Act, 15 U.S.C. §1681a(f) but a debt collector. Defendant has admitted that they are not a credit bureau but only a debt collector as they argue throughout their motion to dismiss.  Defendant is currently using Retail Merchants association, Inc. d/b/a Credit Bureau of Louisiana f/k/a Credit Bureau of Greater Shreveport. The Federal Debt Collection Act, *please see* 15 U.S.C. §1692e(16), and

the Fifth Circuit confirmed that the use of the term "Credit Bureau" when the debt collector

is not a credit bureau, is a violation under federal debt collection laws (15 USC §1692),

*please see McKenzie v. E.A. Uffman & Assocs., Inc* 119 F.3d 358 (5th Cir. 1997)(collection

agency used name, "Collections Department, **Credit Bureau of Baton Rouge**," but neither

"operated" nor "was employed by" credit reporting agency).  Every name that Defendant

goes by is illegal under Texas State debt collection laws. Not only is Defendant using the

term credit bureau in their name but they are also using "retail merchants".  Please see

      Tex. Fin. Code. Sec. 392.305.  DECEPTIVE USE OF CREDIT BUREAU NAME.
A person may not use "credit bureau," "retail merchants," or "retail merchants association" in
the person's business or trade name unless:
            (1)  the person is engaged in gathering, recording, and disseminating
information, both favorable and unfavorable, relating to the creditworthiness, financial
responsibility, and paying habits of, and similar information regarding, persons being
considered for credit extension so that a prospective creditor can make a sound decision in
the extension of credit;  or
            (2)  the person is a nonprofit retail trade association that:
                (A)  consists of individual members;
                (B)  qualifies as a bona fide business league as defined by the
United States Internal Revenue Service;  and
(C)  does not engage in the business of debt collection or credit reporting.

     *please see* Tex. Fin. Code §392.305.  Texas Debt Collection Act specifically made it

illegal for debt collectors to use Retail Merchants Association or Credit Bureau within their

name, Defendant is using both.  The Federal Fair Debt Collection Act made it illegal to imply

that a debt collector is associated in any way with credit reporting agencies unless they really

are a credit reporting agency, which Defendant is not a credit reporting agency.  Because

they are using the names that have been explicitly outlawed, Defendant is using **false** AND

**misleading** methods to collect an active alleged account/debt with Defendant.  Because

Defendant is explicitly breaking the law to collect an active account, they are using

unconscionable collection methods to collect debts in Texas, including Plaintiff's alleged debt.

Plaintiff has stated a cause of action.  Not only did Defendant maintain a current account on Plaintiff and attempting to collect an alleged medical debt up to the date of the original filing but also reported on Plaintiff's credit report as such, as admitted throughout Defendant's motion to dismiss.  Defendant argues throughout their motion to dismiss that they are only debt collectors and not a credit reporting bureau or reporting agency in any fashion.  Defendant reported on Plaintiff's credit report up to the date of this original filing.  Once a debt collector reports on a consumers credit report, it stays on that credit report until the debt collector removes it or the real credit bureaus remove it after 7 years, the statutory maximum amount of time a data furnisher can report on a credit report.  The debt collector does not have to re-report each and ever month, once it is reported, it continues to report each and every month automatically as evidence by the trade line still on Plaintiff's credit report as of August 2012.  The effect of the reporting is the same, regardless if they report it once and leave it or update it each month, it is still a reported account and seen by any and all potential credit grantors as well as seen by existing credit grantors to do inquires to determine credit worthiness.  *Please see Exhibits A & B.*  Reporting an account on Plaintiff's credit report is a debt collection activity.  Defendant admitted to reporting the account on Plaintiff's credit report and it remained there up to and beyond August 2012, August 2012 the account was still on Plaintiff's credit report.  Reporting alleged debts/accounts to credit reporting agencies is a debt collection activity. *Please see Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning persuasive. This Court has learned, through its work on

countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the views expressed in *Purnell*, *Quale*, and *Semper*—the Court finds that Midland was engaged in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to **\*1036** the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd. 413 Fed. Appx. 925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."); *see also Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) (The term "communication" is given a very broad definition in the act. It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, § 5.5.10, p. 170–71 (citing *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter of Sommersdorf,* 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

Plaintiff will further address in detail Defendant's statute of limitations issues that they mention in their 12(b)(6) argument below.

10

Defendant further states that there is no legal duty to report anything, but, if the account is reported, it must be accurate as defined by the FCRA (Fair Credit Reporting Act) and even admitted in Defendant's motion to dismiss that is must be accurate. Please see Doc. 50-1 at p.10.  The problem with is that Plaintiff never alleged this issue in his complaint. Plaintiff has alleged that it is illegal to use false, misleading, and unconscionable methods to collect debts, and Defendant has violated both state and federal acts by using the name Retail Merchants Association and the term Credit Bureaus with the name of debt collectors who are not actually Credit Bureaus, which Defendant has admitted that they are not.

Defendant, when arguing Plaintiff's defamation allegation, is attempting to use the Fair Credit Reporting Act's defenses, which again has noting to do with the Fair Debt Collection Act.  The two statues have their own and separate defenses. Example, Fair Debt Collection Act has the bona fide error defense that is not within the Fair Credit Reporting Act.  Congress knew about each statutes defenses when they wrote them and if Congress wanted the limitations of defamation that is in the Fair Credit Reporting Act in the Fair Debt Collection Act, they would have included it, which they didn't.  Plus, Defendant doesn't accurately describe the Fair Credit Reporting Act's defense of Defamation, it states that a Plaintiff can have a cause of action for defamation under the Fair Credit Reporting Act if it was with malice or willful intent. P*lease see* 15 USC 1681h(e).  But again, that limitation isn't in the Fair Debt Collection Act.   Please see 15 U.S.C. §1692.

Defendant has argued that Plaintiff doesn't have a private right of action is completely inaccurate.  Plaintiff has a strong private right of action within the Fair Debt Collection Act against any debt collector.  *Please see Campbell v. Baldwin*, 90 F. Supp. 2d

754, 756 (E.D. Tex. 2000)(The FDCPA creates a private right of action against "any debt collector." 15 U.S.C. § 1692k)

Defendant argues that Defendant is not liable for faulty reporting on credit reports but that is not true, they are liable for the information that is sent to the credit bureaus and to make sure that information is accurate, please see 15 USC §1692e(8), but again, Defendant is arguing an issue that was not apart of Plaintiff's active complaint.

Defendant argued the Fair Credit Reporting Act heavily throughout their motion to dismiss and there isn't any allegation in any of Plaintiff's pleadings indicating there is a Fair Credit Reporting Act violation.

Defendant argued multiple times that the reporting for the Defendant was discovered from a consumer disclosure report is completely untrue, Plaintiff discovered the reporting from Kroll credit report and an Advantus credit report, neither are consumer disclosure reports but are in fact a true credit report that is commonly used by mortgage lenders to determine if they are credit worthy to buy a home. *Please see* Exhibit D

Not just that Defendant was reporting on Plaintiff's credit report with the name "credit bureau" but that fact that they are collecting at all while using an illegal name is a violation on the face of both the Federal and State statutes.  Plaintiff didn't know this company and had no idea if they were a true credit bureau or not.

Defendant's motion to dismiss did not meet its burden and must fail.

**B.  STATUTE OF LIMITATIONS**

As previously argued, reporting on a credit report is a debt collection activity and Defendant was reporting on Plaintiff's credit report as of August 2012 and this claim was filed on October 2012.  Defendant was attempting to collect this debt at the time of this

filing. Reporting an account on Plaintiff's credit report is a debt collection activity.
Defendant admitted to reporting the account on Plaintiff's credit report and it remained there
up to and beyond August 2012, August 2012 the account was still on Plaintiff's credit report.
Reporting alleged debts/accounts to credit reporting agencies is a debt collection activity.
*Please see Edeh v. Midland Credit Mgmt., Inc*., 748 F. Supp. 2d 1030, 1035-36 (D. Minn.
2010) aff'd, 413 Fed. Appx. 925 (8th Cir. 2011) (This Court finds the FTC's reasoning
persuasive. This Court has learned, through its work on countless FDCPA cases, that
threatening to report and reporting debts to CRAs is one of the most commonly-used arrows
in the debt collector's quiver. Consistent with the views of the FTC—and consistent with the
views expressed in *Purnell*, *Quale*, and *Semper*—the Court finds that Midland was engaged
in "collection of the debt" in violation of § 1692g(b) when it reported Edeh's disputed debt to
**1036** the CRAs before sending verification of that debt to Edeh.); *see also Edeh v. Midland
Credit Mgmt., Inc*., 748 F. Supp. 2d 1030, 1035-36 (D. Minn. 2010) aff'd, 413 Fed. Appx.
925 (8th Cir. 2011)( The FTC explains, "the reality is that debt collectors use the reporting
mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone
calls."); *see also Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr.
19, 2002) (The term "communication" is given a very broad definition in the act. It
means "the conveying of information regarding a debt directly or indirectly to any
person through any medium." 15 U.S.C. § 1692a(2). One commentator has remarked
that "[t]his provision recognizes that reporting a debt to a credit reporting agency is "a
powerful tool designed, in part, to wrench compliance with payment terms ...." Hobbs, §
5.5.10, p. 170–71 (citing *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R.1993) & *Matter
of Sommersdorf*, 139 B.R. 700, 701 (Bankr.S.D.Ohio 1991)). *See Ditty v. CheckRite, Ltd.*,

*Inc.,* 973 F.Supp. 1320, 1331 (D.Utah 1997). Because reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA.)

Furthermore, the statute of limitations does not began to run when the Defendant actually reported the account/debt/tradeline but only when Plaintiff pulls his credit report and discovers the reporting.  *Please see* Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F. Supp. 2d 492 (D. Md. 2004)(One-year statute of limitations on consumer's claims under the Fair Debt Collection Practices Act (FDCPA) for debt collector's alleged inaccurate reporting of his debt to credit reporting agency began to run, not when debt collector reported debt to credit reporting agency unbeknownst to consumer, but only when consumer obtained credit report evidencing possible FDCPA violations. Consumer Credit Protection Act, § 813(d), as amended, 15 U.S.C.A. § 1692k(d).).

Plaintiff didn't pull his credit report until August 2012 and Plaintiff filed his original complaint on October 1, 2012, well within the one year statute of limitations of learning about this debt from the credit report.

Debt collectors only have to report the account once to the credit bureau and it will remain on the consumers credit report for up to 7 years from the first date of delinquency (the first missed payment), the maximum amount of time the Fair Credit Reporting Act allows for negative accounts to be reported before the Credit Bureaus remove it themselves.  Even though it is reported the one time, it keeps rolling on the consumers credit report each and every month until it is removed.  Consumers can go years without having to have their credit pulled and debt collectors a lot of the times, including Defendant, only report the account

14

once so that it will keep reporting for years on the credit report and to argue that debt

collectors can report it once and hope that a consumer don't pull their credit report to notice

the reporting within the one year time frame would be giving them a blank check to break the

law if the credit is not pulled within a one year time frame not to mention would go against

the caselaw and public policy to allow such an immunity to Fair Debt Collection violations.

Defendant argued that a letter was sent to Plaintiff, with a computer generated date of

12/21/12, which is another problem for Defendant, Defendant crossed out the computer

generated date by hand and hand wrote the 6/8/2010.  Plaintiff claims that they never

received or saw that letter, the letter was submitted as an exhibit from Defendant's motion to

dismiss in Defendant's Exhibit A-1 and A-2 with a computer date, in the same font and type

as the rest of the letter, that is crossed out and handwritten with a separate date. *please see*

Exhibit C.   This Court is asked to take Defendant's word, in complete contradiction to their

own evidence of when or if the letter was even sent, especially in light that Plaintiff claims

they never saw this letter.  Plaintiff didn't know who the Defendant was until August 2012

when the credit was pulled and still unsure if the debt is really valid or not. But Defendant

did again attempt to collect the debt by sending a letter dated 12/21/14 with the term credit

bureau in the letterhead, regardless if Plaintiff received it or not.

   Not just that Defendant was reporting on Plaintiff's credit report with the name

"credit bureau" but the fact that they are collecting at all while using an illegal name is a

violation on the face of both the Federal and State statutes.  Defendant had an active

collection account on Plaintiff as of the date of the original filing in October 2012.


### C.  DEFENDANT ARGUES THAT "CREDIT BUREAU" IN A DEBT COLLECTORS NAME IS NOT A VIOLATION OF THE FDCPA

The Fifth Circuit has even ruled that a debt collector can not misrepresent themselves as a credit bureau/credit reporting agency, against a Louisiana debt collector as well. *Please see McKenzie v. E.A. Uffman & Assocs., Inc* 119 F.3d 358 (5th Cir. 1997)(collection agency used name, "Collections Department, **Credit Bureau of Baton Rouge**," but neither "operated" nor "was employed by" credit reporting agency). In this case, Defendant has admitted that they are only a debt collection agency, please see Doc. No. 50 at p. 18("A consumer reporting agency is not in the business of collecting monies, discharging debts, supplying receipts and proofs of payment, handling monies for debts, providing releases, providing accord and satisfaction documents on judgments, releasing liens and garnishments, and other traditional collection activities.")

There is a major and fatal flaw with Defendant's caselaw that they argue that it has been ruled that the term "Credit Bureau" is not misleading is because the cases that Defendant cites, the companies that used the term "Credit Bureau" in their name actually were Credit Bureaus.  It goes without saying and is obvious that if the company is a Credit Bureau and using the name Credit Bureau in their name then of course it would not be false or misleading.  However, that is not the case here. Defendant cites *Byes v. credit Bureau Enterprises, Inc*. in his argument, this company was actually a credit bureau, *please see  Byes v. Credit Bureau Enterprises, Inc*., CIV. A. 95-239, 1996 WL 99360 (E.D. La. Mar. 6, 1996)(It appears from the Complaint that Byes asserted this claim pursuant to subsection (10) only. The cases cited by Byes in support of this claim are readily distinguishable because they involve companies that violated subsection (16) by *falsely* using the name "credit bureau" when they in fact conducted no credit reporting activities. *See Cravey v. Credit Rating Bureau, Inc.,* No. 1:90-CV-986-JTC (N.D. Ga. Dec. 17, 1991); *Cater v. Credit Rating*

16

*Bureau, Inc.,* No. 1:90-CV-2334-RCF (N.D. Ga. Dec. 13, 1991). **In this case, the**
**undisputed facts show that CBE operates as both a credit reporting agency and a**
**collection agency. A substantial part of its business is related to credit reporting. Thus,**
**there is no genuine issue of material fact that CBE has not** *falsely* **represented or**
**implied that it operates as a consumer credit reporting agency.** *See Wright v. Credit*
*Bureau of Georgia, Inc.,* 548 F.Supp. 591, 598 (N.D. Ga. 1982), *on reconsideration,* 555
F.Supp. 1005 (N.D. Ga. 1983)**)(a company using the name "credit bureau" does not**
**deceive or mislead consumers in violation of § 1692e(16) where the name truthfully**
**implies that at least part of its business is consumer credit reporting),** *overruled on other*
*grounds, Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1174 n. 6 (11th Cir. 1985).)  These are
cases that Defendant cites, they are actually credit bureaus.  Furthermore, even in the
alternative, if they were not misleading, it is still false.

Furthermore, not only are Defendant's cases flawed, the case he sites are not in the
Fifth Circuit or in Texas, that is important because Texas explicitly outlawed to use the term
credit bureau unless the company really is a credit bureau.  By breaking the law, they are
using unconscionable methods as well as false use and misleading use of the term "credit
bureau, which as stated Texas has made illegal.  Defendant never argued any of the Texas
Debt Collection violations because they can't.  When the dust settled, it is unconscionable
and false to represent yourself as a credit bureau when a debt collector is not.

Tex. Fin. Code Sec. 392.305.  DECEPTIVE USE OF CREDIT BUREAU NAME.  A person
may not use "credit bureau," "retail merchants," or "retail merchants association" in the
person's business or trade name unless:
 (1)  the person is engaged in gathering, recording, and disseminating
information, both favorable and unfavorable, relating to the creditworthiness, financial
responsibility, and paying habits of, and similar information regarding, persons being
considered for credit extension so that a prospective creditor can make a sound decision in the
extension of credit;  or
 (2)  the person is a nonprofit retail trade association that:

(A)  consists of individual members;
(B)  qualifies as a bona fide business league as defined by the United States Internal Revenue Service;  and
(C)  does not engage in the business of debt collection or credit reporting.


Credit Bureau of Louisiana and Credit Bureau of Greater Shreveport is not a Credit Bureau, as a matter of fact, Defendant has argued throughout their motion to dismiss that they are only a debt collector and a data furnisher of credit to real Credit Bureaus, Defendant further admits that they are not Credit Bureaus.  Defendant doesn't even argue the fact that it is illegal under Texas state law to use Retail Merchants Association in their name, by breaking state law is an unconscionable action under Federal Fair Debt Collection Act.

The Federal Fair Debt Collection makes it illegal to even imply or make the false implication that they operate as a consumer reporting agency.  It is widely known and well established the credit reporting agencies are called "Credit Bureaus", *please see* 15 U.S.C. §1692e(16) reads:

 (16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

15 USC 1681a(f) defines a consumer reporting agency as, "The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.  *Please see* 15 USC §1681a(f). Defendant has not provided any evidence that they perform any of those functions, Defendant has gone so far as to admit throughout their entire motion to dismiss as

18

well as the affidavit of Adrienne Ellison, please see Doc. No 50-6 at p. 2, that they are a debt collector and not credit reporting bureau.

The standard for consumers under the Federal Fair Debt Collection Act is the least sophisticated consumer.

Defendant is using unconscionable collection methods to collect an alleged debt by intentionally and purposely breaking state law by using the name credit bureau as the name of the debt collector.  Plaintiff has two different credit reports, one is reporting as Credit Bureau of Greater Shreveport and the other is Credit Bureau of Louisiana, the letter that Defendant submitted to this Court as Exhibit A-1 also proves they are using Credit Bureau of Louisiana.

Defendant is using false and misleading methods to collect an alleged debt, there is a reason why Texas has outlawed the use of debt collectors using the term Credit Bureaus and Federal makes it illegal to imply that they are associated with them.  Not only is it misleading but it is outright false.  The standard is false OR deceptive/misleading.  Not only is it false and misleading to the Plaintiff.

> 15 U.S.C. 1692e(10)
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Plus, to prove that Credit Bureau of Louisiana attempts to mislead in their name, in their own letter as attached as in Defendant's motion to dismiss, Exhibit A-1, the letter states,  "All unpaid account information is routinely submitted to the credit bureau of Louisiana, where it is recorded and reported to any and all inquiring credit grantors." Please see Exhibit C.  This states they are a credit bureau but Credit Bureau of Louisiana

19

has already admitted in their pleadings that they are not credit bureaus capable of such

reporting.  That letter had a computer date of 12/21/12.  *Please see* Exhibit C.  That

statement within Defendant's own letter is false and misleading on it's face.  Defendant

has argued the Plaintiff wasn't misled but that statement as well as the name of the

Defendant is false, satisfying that prong, but also misleading and was intended to be

false and misleading.  Any "least sophisticated consumer would have been easily misled

by their name, especially would sent a letter stating that they were a credit reporting

agency.   Plaintiff doesn't know Defendant and would not know if they are a true credit

bureau or not.

**D.  DEFENDANT FURTHER ARUGES PLAINTIFF'S ALLEGATIONS  OF 15 USC 1692(f)**

Defendant is completely misapplying the statute and how it reads and how it is

applied.  Defendant quoted it but is not applying it to how the statute reads.  15 USC

§1692 states , "A debt collector may not use unfair or unconscionable means to collect or

attempt to collect any debt.  **Without limiting the general application of the following**…"

With that statement of, "without limiting the general application of the following", states that

a debt collector does not have to violate one of the examples given within the statute but only

violate an unfair or unconscionable mean to collect a debt, regardless of the unfair and

unconscionable method.  *Please see McMillan v. Collection Professionals Inc.,* 455 F3d 754,

764(7th Cir. 2006)("However, as the statute states explicitly, the listing of eight specific

violations was not intended to limit the applicability of the general prohibition of "unfair or

unconscionable behavior.").  Purposely and intentionally breaking state and Federal law to

collect on a debt is definitely unfair and an unconscionable means to collect a debt.

Defendant again argues the issue of statue of limitations which has been argued within this

response, for brevity, Plaintiff refers to any statute of limitations argument to Plaintiff's response herein.

Defendant has argued that Plaintiff acquired the debt in Louisiana and then moved to Texas but Defendant knew that Plaintiff moved to Texas and still attempted to collect the debt using the deceptive name. *Please see* Exhibit C. However, it doesn't matter what state the Plaintiff acquired the debt, it is illegal in Louisiana as well as Texas and Defendant knows that the term is illegal to use. Please see *McKenzie v. E.A. Uffman & Assocs., Inc* 119 F.3d 358 (5th Cir. 1997)(collection agency used name, "Collections Department, **Credit Bureau of Baton Rouge**," but neither "operated" nor "was employed by" credit reporting agency)

## E.  PRIVATE RIGHT OF ACTION

Defendant has argued that Plaintiff doesn't have a private right of action is completely inaccurate. Plaintiff has a strong private right of action within the Fair Debt Collection Act against any debt collector. *Please see Campbell v. Baldwin*, 90 F. Supp. 2d 754, 756 (E.D. Tex. 2000)(The FDCPA creates a private right of action against "any debt collector." 15 U.S.C. § 1692k)

## F.  TEXAS STATE VIOLATIONS

Defendant didn't even argue that using the term "credit bureau" in their name is a violation on its face of Texas Debt Collect laws. Defendant had this case transferred to this Honorable Court and now this Court has jurisdiction over the Texas Debt Collection violations alleged in Plaintiff's live amended pleading and Defendant didn't even address those violations.

Defendant has argued in their motion to dismiss that the only difference between amended complaint and the original complaint is that addition of 15 USC §1692(f) but that is again untrue, Plaintiff added multiple Texas State violations, as agued above, Defendant didn't even argue against the Texas State violations in their motion to dismiss other than they were preempted, which is not true and is argued below.  Defendant violated Tex. Fin. Code §392 on its face as plead in Plaintiff's live amended complaint.  By not arguing that Defendant didn't violate Plaintiff's Texas State Debt Collection violations, they then admitted that they were violated.

### G.  DEFENDANT ARGUES PREEMPTION

Defendant argues heavily that the Fair Credit Reporting Act preempts Plaintiff's state debt collection violations, which confuses Plaintiff because Plaintiff hasn't alleged any 15 USC §1681 violations in either the original pleading or the live amended pleading. Defendant argues that it is preempted but does not provide any case law or statutes. *Please see* Doc. No. 50-1 at p. 10.. but with that stated, the Federal Debt Collection Act, 15 USC §1692, does not preempt state statutory claims unless they are inconsistent with it. *Please see Pirouzian v. SLM Corp.,* 396 F. Supp. 2d 1124 (S.D Cal. 2005)(Cal. Fair debt collection statute not preempted by FDCPA; Cal. Statute's broader definition of collector to include creditors is not inconsistent with FDCPA, but simply expands pool of those subject to Cal. Law).  In this case, the Texas and Federal debt collection laws prohibiting the false and deceptive use of debt collectors representing themselves as a credit bureau/reporting agency are very consistent with each other. In *McKenzie v. E.A. Uffman & Assocs., Inc.,* the Fifth Circuit has ruled that a Louisiana debt collector can not use the term "credit bureau" in their name, violating 15 USC §1692 and Tex. Fin. Code §392 states specifically the same

prohibition.  Texas debt collection statutes in question is extremely consistent with the Federal debt collection law.

Even taking Defendant at their argument, 15 USC §1681 does not preempt any Texas Debt Collection Law either.

Defendant's preemption argument goes to violations under 15 USC §1681 and Plaintiff clearly hasn't alleged any violations. The FCRA does not preempt state law "to the extent that those laws are inconsistent with any provision of this title, and then only to the inconsistency.", please see 15 USC §1681t, State law is inconsistent for preemption purposes only where the actor would violate the FCRA by complying with the state statute.  *Please see* Petruccelli, FTC Staff Commentary §622 item 1. That isn't the case here and Defendant's preemption argument isn't applicable.

## PRAYER

  **WHEREFORE PREMISES CONSIDERED,** Plaintiff prays for the reasons stated above as well as all of the pleadings and information on the record that the Court deny Defendant's Rule 12(b)(6), Rule 12(b)(1).   Deny Defendant's Motions to dismiss and for such other relief, whether at law or in equity, to which Plaintiff is so entitled.