UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBB BILLUPS                                    CIVIL ACTION NO. 14-0401

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

CREDIT BUREAU OF GREATER               MAGISTRATE JUDGE HORNSBY
SHREVEPORT, ET AL.

## MEMORANDUM RULING

Before the Court is a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Upon Which Relief Can Be Granted and a Rule 12(b)(1) Motion to Dismiss for Lack of

Subject Matter Jurisdiction (Record Document 49).  The motion was filed by Defendant

Credit Bureau of the South, Inc. ("Credit Bureau of the South").  See Record Document 49.

Plaintiff Robb Billups ("Billups") filed a Response to the Motion to Dismiss.  See Record

Document 64.  For the reasons which follow, the Motion to Dismiss is **GRANTED** and

Billups' claims are **DISMISSED**.

## BACKGROUND

Billups filed the instant lawsuit on October 01, 2012.  See Record Document 1.  He

amended his complaint on February 5, 2013.  See Record Document 15.  He named the

following entities as defendants: Credit Bureau of the South and Retail Merchants

Association, Inc., d/b/a Credit Bureau of Louisiana, a/k/a Credit Bureau of Greater

Shreveport.  See id. at ¶¶ 5-6.  Billups filed one lawsuit naming both defendants, however

for purposes of clarity, this Court has issued a ruling as to each defendant separately.

Billups alleged:

> Defendants are debt collectors as defined by the Fair Debt Collection Act.
> Defendants use the term "Credit Bureau" within their name to imply that
> [they] operate or are employed by a credit reporting bureau. The consumer

> standard is the "least sophisticated person."  Defendants are currently reporting an alleged debt on Plaintiff's credit report, a debt collection activity. . . . Defendants are maliciously, willfully, and/or negligently violating the Fair Debt Collection statutes in an attempt to collect Plaintiff's alleged debt.

Id. at ¶¶ 8-11, 15.

Billups' complaint, even as amended, is not well-plead.  He has set forth only scant facts, making it unclear to the Court what events transpired prior to the filing of this suit.  Thus, it is difficult to gain a basic understanding of the facts of this case.  It is clear that Billups' claims are framed under the Fair Debt Collection Act.  He also asserts state claims under Texas law.

As to the Credit Bureau of the South, a key factual allegation is set forth in Paragraph 14:

> Defendant Credit Bureau of the South claims that **the debt was paid** but they are still reporting as of August 2012 that a debt is still owed and past due.  Holding out to the world that Plaintiff is delinquent on a debt even though Defendant contends that Plaintiff paid the debt years earlier.  Defendant is attempting to collect again on a debt that has been paid as per Credit Bureau of the South.  This continued reporting of a debt paid is putting Plaintiff in a bad light with the public, including but not limited to potential lenders.

Record Document 15 at ¶ 14 (emphasis added).  Thus, the fact that the debt was paid must be accepted as true.

Credit Bureau of the South filed the instant Motion to Dismiss on February 18, 2014.  See Record Document 49.  Billups filed his Opposition on March 5, 2014.  See Record Document 64.

## LAW AND ANALYSIS

### I.      Rule 12(b)(6) Standard.

Credit Bureau of the South's Motion to Dismiss is filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  In assessing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff.  See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2007).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556, 127 S.Ct. 1955, 1964-1965 (2007). The task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."  Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir.2010), citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949.

### II.     Rule 12(b)(1) Standard.

Credit Bureau of the South also argues its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1).  As stated above, in assessing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff.  "The applicable test for determining federal jurisdiction on the face of the pleadings is not whether the plaintiff could actually recover, but whether the federal claim alleged is so patently without merit as to justify

dismissal for want of jurisdiction." <u>Sisk v. Texas Parks & Wildlife Department</u>, 644 F. 2d 1056, 1058 (5th Cir. 1981).

## III.   Analysis[1]

This Court must "accept all ***well-pleaded facts*** as true, viewing them in the light most favorable to the plaintiff," when deciding a Rule 12(b)(6) motion.  <u>Gines v. D.R. Horton, Inc.</u>, 699 F.3d 812, 816 (5th Cir. 2012).  Yet, "***conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss***." <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993), quoting <u>Doe v. United States Dep't of Justice</u>, 753 F.2d 1092, 1102 (D.C. Cir. 1985).  <u>Id.</u> (emphasis added).   Here, Billups has not offered well-pleaded facts.  His complaint is vague and fails to set forth any clear, supporting facts for his legal conclusion that the Fair Debt Collection Act was violated.  At best and in the spirit of viewing the complaint in the light most favorable to Billups, the complaint is replete with legal conclusions masquerading as factual allegations and/or factual conclusions.  This is simply not enough to survive a Rule 12(b)(6) attack.

The complaint alleges violation of 15 U.S.C. § 1692e(8) which prohibits "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a

---

[1]Generally, "when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  <u>Ramming v. U.S.</u>, 281 F.3d 158, 161 (5th Cir. 2001).  This general procedure was not appropriate in the instant matter because Credit Bureau of the South's jurisdictional argument was that if Billups' federal claims failed under Rule 12(b)(6), then this Court would no longer have subject matter jurisdiction over any remaining claims.

disputed debt is disputed."  Yet, Billups has failed to support his claim with any factual allegations, instead he merely stated that a statute has been violated.  The complaint is also devoid of the following factual allegations, which the Court deems to be a bare minimum for a well-plead complaint in this instance:  the party to which the debt is or was owed, the amount of the debt, and the date upon which payment of the debt was due. Billups' factual allegations fail to meet even the minimum pleading requirements.  In fact, even with the benefit of extensive briefing on the instant motion, this Court is still unclear as to the exact factual basis for Billups' action.

Notwithstanding the aforementioned pleading deficiencies, the Court turns to paragraph 14 of the complaint.  There is no factual dispute based on the facts plead in paragraph 14 that the debt was paid.  The Fair Debt Collection Act only governs acts related to the collection of an unpaid debt, with a "debt" being defined as "any obligation or alleged obligation of a consumer to pay money."  15 U.S.C. § 1692a(5).    In this instance, because there is no dispute that the debt was paid, Billups should have alleged a violation of the Fair Credit Reporting Act, not the Fair Debt Collection Act.

Based on the foregoing analysis, the Rule 12(b)(6) motion is **GRANTED**.  With regards to the Rule 12(b)(1) motion, Credit Bureau of the South argues that because the federal claims fail under Rule 12(b)(6), there is no remaining federal question subject matter jurisdiction. The Court agrees.  Billups' federal claims have been dismissed, leaving only his Texas state law claims.  Pursuant to 28 U.S.C. 1367(a), this Court declines to exercise supplemental jurisdiction over Billups' remaining state law claims.

**CONCLUSION**

The Court finds that Billups has failed to set forth factual allegations that raise a right to relief above the speculative level as to his federal claims.  The Court declines to exercise supplemental jurisdiction over his remaining Texas state law claims.  Accordingly, the Credit Bureau of the South's Motion to Dismiss (Record Document 49) is **GRANTED** and all of Billups' claims are **DISMISSED**.

An Order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of September, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE